# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3573 | **DATE** | February 1, 2002 |
| **CASE TITLE** | | Rinaldi v. World Book, Inc. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion for Attorneys' Fees and Bill of Costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs seek an award of $70,525 in attorneys' fees pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* and 29 U.S.C. § 216(b), and $1,445.25 in costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Defendant did not file an objection to either amount sought. The Court finds that the 282.10 hours spent on the case, including the four-day trial, and the requested hourly rate of $250.00 to be reasonable in light of the litigation of the case. Plaintiffs' Motion for Attorneys' Fees is granted. Plaintiff is awarded $70,525 in fees. The Court also awards Plaintiffs $1,445.25 in costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 0 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 50 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LC/KY | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

FEB 0 4 2002

| | |
|---|---|
| MARIE RINALDI and KATHY HICKS, ) | |
| Plaintiffs, ) | |
| v. ) | No. 00 CV 3573 |
| ) | Hon. John W. Darrah |
| WORLD BOOK, INC., ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 29, 2001, a jury returned a special verdict in favor of both Plaintiffs, Marie Rinaldi (Rinaldi) and Kathy Hicks (Hicks). The jury awarded Rinaldi $73,600 in actual damages on her Equal Pay Act (EPA) claim, Hicks $60,000 in actual damages on her EPA claim, and $100,000 for each Plaintiff in punitive damages on their Title VII claims. Presently before the Court is Plaintiffs' Motion to Amend Judgment.

Plaintiffs contend that judgment should be amended to provide that the Plaintiffs are entitled to recover the same amount of damages for their Title claims as they were awarded for their EPA claims. Plaintiffs do not seek a double recovery of their lost wages (severance pay). Instead, they seek only to recover the actual damages (severance pay) under either claim, Title VII or the EPA.

Plaintiffs argue that amendment of the judgment is proper because the Plaintiffs are entitled to recover the actual damages awarded under both Title VII and the EPA because the jury found for the Plaintiffs on both counts. Furthermore, the jury was confused over the verdict form and had a concern about the possibility of Plaintiffs' obtaining a double recovery. The jury's confusion and



concern is evidenced by the fact that the jury found that Defendant violated Title VII yet did not award compensatory damages and that the jury awarded compensatory damages on the Plaintiffs' EPA claims that were based on the same conduct. In addition, the jury had originally wrote an award of the same amount of damages awarded in the Plaintiffs' EPA claims on the special verdict forms for the Title VII claims but subsequently crossed out those awards and wrote in a zero "0".

Courts possess the authority, under Federal Rule of Civil Procedure 59(e), to amend a judgment if the facts of the case and the interests of justice so warrant. *See Majeske v. City of Chicago*, 218 F.3d 816, 823 (7th Cir. 2000); *Freeman v. Chicago Park Dist.*, 189 F.3d 613, 615 (7th Cir. 1999) (*Freeman*); *Trustees of the Central States, Southeast & Southwest Pension Funds v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1546 (C.D. Cal. 1988) (*Golden Nugget*). Jury verdicts are interpreted so as to avoid inconsistency whenever possible. *Freeman*, 189 F.3d at 615.

In the instant case, the jury concluded, and evidence supported, a finding that Defendant violated both Title VII and the EPA by paying similarly situated male employees a greater severance pay than that received by each Plaintiff. The actual damages under both claims were the same - the difference between the severance pay the Plaintiffs received and the amounts they would have received had they been paid as were other male employees. The jury's finding of liability under each claim but their award of actual damages under only one claim, when such damages are identical, is inconsistent.

Based on the above facts, and in the interest of justice, the judgment is amended to provide that the Plaintiffs are entitled to recover the actual damages of $73,600 for Rinaldi and $60,000 for Hicks under their Title VII claim and their EPA claim. Because the actual damages under each claim are the same, the Plaintiffs are only entitled to recover one award of actual damages of $73,600 for

2

Rinaldi and $60,000 for Hicks.

Plaintiffs also seek to amend the judgment for their EPA claims to add liquidated damages as allowed by the EPA.

The EPA provides that a successful plaintiff is entitled to actual damages and liquidated damages in the amount equal to that of the actual damages. 29 U.S.C. § 261(d); *Herman v. RSR Security Serv.*, 172 F.3d 132, 141 (7th Cir. 1999) (*Herman*). The liquidated damages are not considered a penalty but are considered compensation to the employee for the delay in receiving wages due caused by the employer's violation of the EPA. *Herman*, 172 F.3d at 141, citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583-84 (1942).

The court has discretion to not award liquidated damages only if the employer shows that it acted in good faith with reasonable grounds to believe that its actions did not violate the EPA. *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman*, 172 F.3d at 141.

World Book argues that liquidated damages should not be awarded because the liquidated damages should be deemed punitive damages that would allow a double recovery of punitive damages by the Plaintiffs because they each were awarded $100,000 in punitive damages for their Title VII claims.

World Book's argument is meritless. As stated above, liquidated damages are not a penalty and do not constitute punitive damages. *See Herman*, 172 F.3d at 141. Furthermore, the EPA specifically provides for a double award, and such award is the norm. *See Herman*, 172 F.3d at 141. The jury found that World Book's violations of the EPA were willful, and World Book does not

3

dispute this finding. Accordingly, Plaintiffs are awarded liquidated damages equal to the actual damages awarded for their EPA claims pursuant to 29 U.S.C. § 216(b).

For the reasons stated above, Plaintiffs' Motion to Amend Judgment is granted. Judgment is amended to include an actual damage award of $73,600 for Rinaldi and $60,000 for Hicks on their Title VII claim, and liquidated damages for Plaintiffs' EPA claims in the amount of $73,000 for Rinaldi and $60,000 for Hicks. Accordingly, Rinaldi is awarded $73,000 in actual damages, $100,000 in punitive damages, and $73,000 in liquidated damages. Hicks is awarded $60,000 in actual damages, $100,000 in punitive damages, and $60,000 in liquidated damages.

Dated: February 1, 2002

JOHN W. DARRAH
United States District Judge